CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
NOV 21 2018
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| MELINDA SCOTT, ET AL., | |
| Plaintiffs, | Case No. 2:18CV 45 |
| v. | OPINION |
| WISE COUNTY HOUSING AUTHORITY (WCHA), | By: James P. Jones<br>United States District Judge |
| Defendant. | |

Melinda Scott, a frequent pro se litigant in this court, has submitted an application to file a civil action without prepaying fees or costs. Her proposed action, based on federal subject-matter jurisdiction, claims that a local housing authority that operates an apartment complex, in which she and her minor child are residents, has failed to protect her and her child from harassment by other tenants. She also claims that the housing authority has failed to accommodate the child's disability. She alleges, without factual support, that this harassment and failure to accommodate her child is "because of her gender" and is "motivated by her family orientation having matriarchal elements." She names herself and her minor child as plaintiffs and seeks monetary compensation.

Ms. Scott is not a lawyer and a nonlawyer parent cannot represent her child in federal court. *Talbert v. Cty. Comm'n of Cabell Cty.*, No. 3:11–00290, 2012

WL 10816, at *2 (S.D.W. Va. Jan. 3, 2012) ("Virtually every court confronted with the issue has determined that a parent does not have the right to proceed *pro se* on behalf of a minor child."), *appeal dismissed,* No. 12–6210 (4th Cir. Mar. 7, 2012). One important reason for this rule is that nonlawyers are not bound by a licensed attorney's ethical obligations, which can be enforced by disbarment or suspension. *Brown v. Ortho Diagnostic Sys., Inc.,* 868 F. Supp. 168, 172 (E.D. Va. 1994); *see Barrett v. Minor,* No. 1:15CV00032, 2015 WL 5098200, at *1 (W.D. Va. Aug. 31, 2015).

While I will permit the filing of the action without prepayment of fees and costs, I will dismiss it, both because Ms. Scott cannot represent her minor child and because the allegations fail to support a cause of action. While a pro se litigant is not held to the standard of an attorney in pleading, Ms. Scott has considerable experience in her prior court filings to understand the necessity of pleading facts. While she asserts some details of various alleged instances of harassment by other tenants, she alleges no facts that would impose responsibility on the housing authority for such harassment.

I will also direct the Clerk to file the Complaint and related documents under seal, since Ms. Scott has stated her minor child's full name in those pleadings, rather than the child's initials, in violation of Federal Rule of Civil Procedure 5.2(a)

A separate Order will be entered forthwith.

DATED: November 21, 2018

_____
United States District Judge